**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| **SPECIALTY IMAGING, LLC, a Utah limited liability company dba SPECIALTY IMAGING INTERNATIONAL; and MICHAEL BENJAMIN CROSBY, an individual,** | **MEMORANDUM DECISION AND ORDER** |
| **Plaintiffs,** | **Case No. 2:12-cv-681-DAK-PMW** |
| **v.** | |
| **MG EVENTS, LLC, a Georgia limited liability company; MG EVENT SERVICES, LLC, a Georgia limited liability company; SPECIALTY EVENT IMAGING, LLC, a New Jersey limited liability company; MARC GRAUER, an individual; and JOHN DOES 1 through 5,** | **District Judge Dale A. Kimball** |
| **Defendants.** | **Magistrate Judge Paul M. Warner** |

District Judge Dale A. Kimball referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1]  Before the court are (1) Specialty Event Imaging, LLC and Marc Grauer's ("Grauer") (collectively, "Defendants") motion to compel the deposition of Spencer Topham ("Topham"), to extend the deadline for expedited discovery, and for an award of sanctions against Speciality Imaging, LLC and Michael Benjamin Crosby (collectively, "Plaintiffs");[2] (2) Defendants' sealed motion under rule 26(b)(5)(B) of the Federal Rules of Civil

---

[1]  *See* docket no. 32.

[2]  *See* docket no. 29.

Procedure for a determination of Plaintiffs' privilege claims;[3] and (3) Plaintiffs' motion for leave to reschedule the deposition of Grauer.[4]  The court has carefully reviewed the written memoranda submitted by the parties.  Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motions on the basis of the written memoranda.  *See* DUCivR 7-1(f).

## RELEVANT BACKGROUND

Plaintiffs filed their complaint in this case on July 11, 2012, along with a motion for a preliminary injunction.[5]  Two days later, Plaintiffs filed an ex parte motion to conduct limited, expedited discovery prior to the hearing on their motion for a preliminary injunction.[6]  The court declined to hear the motion on an ex parte basis and ordered briefing on the motion.[7]  After receiving that briefing, the court granted Plaintiffs' motion to conduct limited, expedited discovery, but allowed both Plaintiffs and Defendants to conduct such discovery.[8]  The court set a September 17, 2012 deadline for that discovery.[9]

---

[3]  *See* docket no. 33.

[4]  *See* docket no. 41.

[5]  *See* docket nos. 2-3.

[6]  *See* docket no. 12.

[7]  *See* docket no. 18.

[8]  *See* docket no. 26.

[9]  *See id*.

Several lawyers from the law firm of Callister Nebeker & McCullough ("CN&M") previously represented Plaintiffs in this case.  Topham is one of those lawyers.  Because of earlier dealings with respect to this case that created an apparent conflict of interest, Topham and the other lawyers from CN&M are no longer acting as Plaintiffs' counsel in this case.[10]

While Topham was still acting as Plaintiffs' litigation counsel in this case, the parties agreed that Defendants could take his deposition on Tuesday, September 11, 2012.  Late in the day on Friday, September 7, 2012, another lawyer from CN&M sent a letter to Defendants' counsel indicating that Plaintiffs were unwilling to make Topham available for a deposition because he was acting as Plaintiffs' litigation counsel.  It is undisputed that Topham's deposition has not taken place.

Grauer's deposition was scheduled to take place on September 17, 2012.  However, by September 15, 2012, the lawyers from CN&M determined that, because of the above-referenced conflict of interest, they would no longer represent Plaintiffs in this case.  Consequently, Grauer's deposition was postponed.  It is likewise undisputed that Grauer's deposition has not taken place.

On the date of the deadline for expedited discovery, September 17, 2012, Defendants filed their motion to compel the deposition of Topham, to extend the deadline for expedited discovery, and for an award of sanctions against Plaintiffs.  The following day, Defendants filed their sealed motion under rule 26(b)(5)(B) for a determination of Plaintiffs' privilege claims.

---

[10] *See* docket no. 37.

Soon thereafter, at the request of counsel,[11] the court held a telephonic conference to discuss the status of the case, as well as the pending discovery motions.  The lawyers from CN&M did not participate in that conference.  Instead, Plaintiffs' new counsel participated.  During the conference, Plaintiffs' new counsel indicated that they would soon be filing a motion for leave to reschedule the deposition of Grauer.  The court encouraged Plaintiffs' counsel to file that motion as soon as possible.  The court then set briefing schedules for all of the motions.

Plaintiffs' new counsel entered formal notices of appearance on September 27, 2012.[12]  On October 4, 2012, Plaintiffs filed their motion for leave to reschedule the deposition of Grauer.

## ANALYSIS

### I.  Defendants' Motion to Compel the Deposition of Topham, to Extend the Deadline for Expedited Discovery, and for an Award of Sanctions Against Plaintiffs

Before addressing the merits of this motion, the court will address the timing of the filings related to the motion.  As indicated above, during a telephone conference with the court and counsel for the parties, certain deadlines were set for briefing this motion.  There was apparently some confusion with respect to that schedule, resulting in a disagreement between the parties about the timeliness of Plaintiffs' memorandum in opposition to this motion.[13]  Because the court has a strong preference for resolving disputes in their merits, the court will consider all filings related to this motion, regardless of their filing dates.

---

[11]  *See* docket no. 40.

[12]  *See* docket nos. 37-39.

[13]  *See* docket nos. 43-45.

The court now turns to the merits of the motion.  In their response to the motion, Plaintiffs have indicated that they do not oppose Defendants taking the deposition of Topham or extending the deadline for completing expedited discovery for that purpose.  Accordingly, those two issues do not require court action.  However, Plaintiffs do oppose Defendants' request for an award of sanctions and, accordingly, the court will address that issue.

Defendants seek an award of sanctions for Topham's failure to appear for his deposition. More specifically, Defendants argue that, in order to stop Tophams' deposition from going forward, Plaintiffs should have filed a motion for a protective order under civil rule 26-2 of the Rules of Practice for the United States District Court for the District of Utah, which Plaintiffs did not do.  *See* DUCivR 26-2 ("A party or a witness may stay a properly noticed oral deposition by filing a motion for a protective order or other relief by the third business day after service of the notice of deposition.  The deposition will be stayed until the motion is determined.  Motions filed after the third business day will not result in an automatic stay.").  Defendants assert that Plaintiffs' failure to file such a motion improperly shifted the burden to Defendants to file their motion to compel.

While it is true that Plaintiffs failed to file a motion for protective order under rule 26-2, the court is not persuaded that said failure justifies an award of sanctions in this case.  Plaintiffs objected to the taking of Topham's deposition based upon the fact that he was current litigation counsel for Plaintiffs.  The court concludes that Plaintiffs' position was substantially justified and, therefore, that an award of sanctions against Plaintiffs is not appropriate.

5

Based on the foregoing, Defendants' motion to compel the deposition of Topham, to extend the deadline for expedited discovery, and for an award of sanctions against Plaintiffs is granted in part and denied in part.  Because Plaintiffs have agreed to an extension of the deadline for expedited discovery for the purpose of conducting Topham's deposition and to making Topham available for a deposition, that portion of Defendants' motion is granted.  The portion of Defendants' motion seeking an award of sanctions against Plaintiffs is denied.

## II.  Defendants' Sealed Motion for a Determination Under Rule 26(b)(5)(B) of Plaintiffs' Privilege Claims

In their response to this motion, Plaintiffs have indicated that they have withdrawn their claim of privilege with respect to the documents that are the subject of Defendants' motion. Accordingly, this motion has been rendered moot.

## III.  Plaintiffs' Motion for Leave to Take the Deposition of Grauer

Although this motion is styled as a motion for leave to take the deposition of Grauer, it is essentially a motion for an extension of the expedited discovery deadline, which would allow Plaintiffs to take Grauer's deposition.  Defendants oppose Plaintiffs' motion by arguing that Plaintiffs have failed to satisfy the excusable neglect standard contained in rule 6(b)(1) of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 6(b)(1).

Rule 6(b)(1) provides:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time:

>> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or

> (B) on motion made after the time has expired if the party
> failed to act because of excusable neglect.

*Id*.  As noted by Defendants, "a finding of excusable neglect under Rule 6(b)[(1)(B)] requires

both a demonstration of good faith by the parties seeking the enlargement and also it must appear

that there was a reasonable basis for not complying within the specified period."  *In re Four*

*Seasons Sec. Laws Litig.*, 493 F.2d 1288, 1290 (10th Cir. 1974); *see also Putnam v. Morris*, 833

F.2d 903, 905 (10th Cir. 1987) (providing that a demonstration of excusable neglect requires

"some showing of good faith on the part of the party seeking the enlargement and some

reasonable basis for noncompliance within the time specified" (quotations and citations

omitted)).

Because Plaintiffs did not move for an extension of the expedited discovery period until

after the original deadline had expired, their motion is governed by the excusable neglect

standard of rule 6(b)(1)(B).  *See* Fed. R. Civ. P. 6(b)(1)(B).  Under the circumstances of this case,

the court concludes that Plaintiffs have demonstrated excusable neglect.  First, the court sees no

conclusive indication that Plaintiffs have failed to act in good faith.  The timing of Plaintiffs'

change in counsel put Plaintiffs in a difficult situation with respect to the expedited discovery

deadline.  It appears that Plaintiffs acted quickly in finding replacement counsel, and new counsel

acted quickly in seeking an extension of the expedited discovery deadline.  The court believes

that those actions demonstrate good faith on the part of Plaintiffs.  Second, Plaintiffs have

demonstrated a reasonable basis for failing to comply with the original expedited discovery

deadline.  As previously indicated, Plaintiffs underwent a change in counsel near the end of the

discovery period.  The court is persuaded that such a change provides a reasonable basis for both

the failure to conduct Grauer's deposition within the discovery period and the failure to move for

an extension of that discovery period before it expired.

      For these reasons, Plaintiffs' motion for leave to take the deposition of Grauer and to

extend the expedited discovery period is granted.

* * * * *

      In summary, **IT IS HEREBY ORDERED:**

1.     Defendants' motion to compel the deposition of Topham, to extend the deadline

      for expedited discovery, and for an award of sanctions against Plaintiffs[14] is

      **GRANTED IN PART** and **DENIED IN PART**, as indicated above.

2.     Defendants' sealed motion under rule 26(b)(5)(B) for a determination of

      Plaintiffs' privilege claims[15] is **MOOT**.

3.     Plaintiffs' motion for leave to reschedule the deposition of Grauer[16] is

      **GRANTED**, as indicated above.

4.     The following deadlines shall apply in this case:

      a.     The deadline for expedited, limited discovery is extended to November 9,

            2012, for the sole purpose of conducting the depositions of Topham and

            Grauer.

---

[14] *See* docket no. 29.

[15] *See* docket no. 33.

[16] *See* docket no. 41.

8

b.       Plaintiffs shall file an updated motion for preliminary injunction by November 19, 2012.

c.       Defendants shall file an opposition to the updated motion for preliminary injunction by November 26, 2012.

d.       Plaintiffs shall file a reply on the updated motion for preliminary injunction by December 3, 2012.

e.       The parties shall contact Judge Kimball's chambers to schedule a hearing on the updated motion for a preliminary injunction.  At that time, the parties should inform the court about the anticipated time necessary for the hearing.

**IT IS SO ORDERED**.

DATED this 19th day of October, 2012.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

9